UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ERIC GERARD ELDER,

        Petitioner,

v.

        Case No. 20-cv-11681
        Honorable Linda V. Parker

BRYAN MORRISON,[1]

        Respondent.
_____/

**OPINION AND ORDER DENYING THE PETITION FOR WRIT OF HABEAS CORPUS AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY BUT GRANTING LEAVE TO APPEAL IN FORMA PAUPERIS**

Petitioner Eric Gerard Elder, a Michigan prisoner, seeks a writ of habeas corpus under 28 U.S.C. § 2254. Elder is challenging the following convictions: (1) first-degree murder in violation of Michigan Compiled Laws § 750.316; (2) felonious assault in violation of Michigan Compiled Laws § 750.82; (3) felon in possession of a firearm (felon in possession) in violation of Michigan Compiled Laws § 750.224f; and (4) possession of a firearm during the commission of a felony (felony firearm) in violation of Michigan Compiled Laws § 750.227b.

---

[1] The caption is amended to reflect the proper respondent in this case, the warden of the prison where Petitioner currently is incarcerated. *See* Rules Governing § 2254 Case, Rule 2(a).

Elder raises a single challenge to his conviction: that the evidence introduced at trial was insufficient to sustain his conviction in violation of his due process rights.

Because the Michigan Court of Appeals' decision denying this claim was neither contrary to nor an unreasonable application of Supreme Court precedent, the petition for a writ of habeas corpus is denied. The Court also denies a certificate of appealability but grants Elder leave to proceed on appeal in forma pauperis.

**I.    Background**

The Michigan Court of Appeals summarized the facts of Elder's case as follows:

> This case arises from the shooting death of Samuel Patton, Sr. (Patton, Sr.), who was shot multiple times from behind on December 19, 2016, while sitting in his motor vehicle with his 11-year-old son, S.P., in the backseat. Patton Sr. had just returned to his home at 12145 Stout Street in Detroit, Michigan at approximately 9:00 p.m. after having dinner with his long-time girlfriend, Chandra Young, and their other child, Samuel Patton, Jr (Patton, Jr.), when the shooter approached his vehicle, shooting Patton Sr. multiple times in the back and neck and shattering the back window of the vehicle. Young and Patton Jr. had just entered the family home when the shooting began, but ran out of the home when they heard shots fired and Young was able to see the shooter as he fired the final shots and fled the scene.

*People v. Elder*, No. 339562, 2018 WL 5276164, at *1 (Mich. Ct. App. Oct. 18, 2018). A Wayne County Circuit Court jury convicted Elder of first-degree murder, felonious assault, felon in possession, and felony firearm. The trial court sentenced Elder to concurrent terms of imprisonment of non-parolable life for the murder

2

conviction, two to four years for felonious assault, two to five years for felon in possession, and a mandatory consecutive two-year term for felony firearm. *Id.*

Elder filed a direct appeal in the Michigan Court of Appeals arguing that, due to the unreliable identification of the shooter, insufficient evidence supported the verdict and the verdict was against the great weight of the evidence. *Id.* at *1, 3. The court of appeals affirmed Elder's convictions, but remanded the case to the trial court "for the limited purpose of correcting the judgment of sentence" which incorrectly noted Elder was convicted by guilty plea. *Id.* at *5. The Michigan Supreme Court denied leave to appeal. *People v. Elder*, 924 N.W.2d 570 (Mich. 2019).

Elder then filed a motion for collateral relief in the state trial court, raising numerous theories of ineffective assistance of trial and appellate counsel. (ECF No. 8-12 at Pg ID 1159.) The trial court denied the motion, reasoning that Elder had not met the "good cause" and "actual prejudice" requirements for relief under the applicable state court rule and that his arguments lacked merit. (*Id.* at Pg ID 1160.) The Michigan Court of Appeals denied leave to appeal because Elder's application was untimely, and his case met none of the applicable exceptions to the time bar. *People v. Elder*, No. 353598 (Mich. Ct. App., May 19, 2020). Elder did not seek leave to appeal that decision to the Michigan Supreme Court. (ECF No. 8-9 at Pg ID 696.)

3

Elder filed a timely application for the writ of habeas corpus asserting that there was insufficient evidence to sustain his convictions in violation of the Due Process Clause of the United States Constitution. (ECF No. 1.) Respondent filed an Answer to the petition, arguing that ample evidence supported the convictions. (ECF No. 7.) Elder filed a Reply. (ECF No. 11.)

## II.     Standard of Review

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") sets forth the standard of review federal courts must use when considering habeas petitions brought by prisoners challenging their state court convictions. AEDPA provides in relevant part:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

"A state court's decision is 'contrary to' . . . clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court

cases]' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [that] precedent.'" *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003) (per curiam) (quoting *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000)); *see also Bell v. Cone*, 535 U.S. 685, 694 (2002). "[T]he 'unreasonable application' prong of § 2254(d)(1) permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court but unreasonably applies that principle to the facts of [the] petitioner's case." *Wiggins v. Smith*, 539 U.S. 510, 520 (2003) (quoting *Williams*, 529 U.S. at 413); *see also Bell*, 535 U.S. at 694. However, "[i]n order for a federal court to find a state court's application of [Supreme Court] precedent 'unreasonable,' the state court's decision must have been more than incorrect or erroneous. The state court's application must have been 'objectively unreasonable.'" *Wiggins*, 539 U.S. at 520-21 (citations omitted); *see also Williams*, 529 U.S. at 409. "AEDPA thus imposes a 'highly deferential standard for evaluating state-court rulings,' and 'demands that state-court decisions be given the benefit of the doubt.'" *Renico v. Lett*, 559 U.S. 766, 773 (2010) (quoting *Lindh v. Murphy*, 521 U.S. 320, 333, n.7 (1997); *Woodford v. Viscotti*, 537 U.S. 19, 24 (2002) (per curiam)).

A state court's determination that a claim lacks merit "precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the

5

state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). The Supreme Court has emphasized "that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id*. (citing *Lockyer v. Andrade*, 538 U.S. 63, 75 (2003)). In order to obtain federal habeas relief, a state prisoner must show that the state court's rejection of his claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id*.; *see also White v. Woodall*, 572 U.S. 415, 419-20 (2014). Federal judges "are required to afford state courts due respect by overturning their decisions only when there could be no reasonable dispute that they were wrong." *Woods v. Donald*, 575 U.S. 312, 316 (2015).

Pursuant to § 2254(d), "a habeas court must determine what arguments or theories supported or . . . could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision" of the Supreme Court. *Harrington*, 562 U.S. at 101. Because the requirements of clearly established law are to be determined solely by Supreme Court precedent, "circuit precedent does not constitute 'clearly established Federal law as determined by the Supreme Court'" and cannot provide the basis for federal habeas relief. *Parker v. Matthews*, 567 U.S. 37, 48-49 (2012) (per curiam); *see also Lopez v. Smith*, 574

6

U.S. 1 (2014) (per curiam). The decisions of lower federal courts, however, may be useful in assessing the reasonableness of the state court's resolution of an issue. *Stewart v. Erwin*, 503 F.3d 488, 493 (6th Cir. 2007) (citing *Williams v. Bowersox*, 340 F.3d 667, 671 (8th Cir. 2003)); *Dickens v. Jones*, 203 F. Supp. 354, 359 (E.D. Mich. 2002).

Section 2254(d) "does not require a state court to give reasons before its decision can be deemed to have been 'adjudicated on the merits.'" *Harrington*, 562 U.S. at 100. Nor does AEDPA "require citation of [Supreme Court] cases—indeed, it does not even require *awareness* of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer*, 537 U.S. 3, 8 (2002) (emphasis in original); *see also Mitchell*, 540 U.S. at 16.

A state court's factual determinations are presumed correct on federal habeas review. *See* 28 U.S.C. § 2254(e)(1). A habeas petitioner may rebut this presumption only with clear and convincing evidence. *Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998). Moreover, habeas review is "limited to the record that was before the state court." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011).

### III. Analysis

In support of his insufficiency of the evidence claim—his sole basis for habeas relief—Elder argues that his identification as the shooter is implausible.

(ECF No. 1 at Pg ID 36-39.) The Michigan Court of Appeals disagreed. It reviewed the identification evidence admitted at trial under the State "great weight of the evidence" standard to assess whether sufficient evidence supported Elder's convictions. *Elder*, 2018 WL 5276164, at *1-4. The State court concluded that "a rational trier of fact could reasonably conclude that [Elder] shot and killed Patton, Sr." *Id.* at *4.

"The Constitution prohibits the criminal conviction of any person except upon proof of guilt beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 309 (citing *In Re Winship*, 397 U.S. 358 (1970)). Under AEDPA, a habeas court's "review of a state-court conviction for sufficiency of the evidence is very limited," *Thomas v. Stephenson*, 898 F.3d 693, 698 (6th Cir. 2018), because such claims "are subject to two layers of deference[,]" *Tackett v. Trierweiler*, 956 F.3d 358, 366 (6th Cir. 2020).

The first layer is direct appeal, where the critical inquiry is "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Smith v. Nagy*, 962 F.3d 192, 205 (6th Cir. 2020) (citing *Jackson*, 443 U.S. at 319) (emphasis in original). "This standard 'must be applied with explicit reference to the substantive elements of the criminal offense as defined by state law.'" *Id*. (quoting *Jackson*, 443 U.S. at 324, n. 16). AEDPA

8

provides the second layer of deference: "[O]n habeas review, a federal court may . . . overturn a state court decision . . . only if the state court decision was objectively unreasonable." *Tackett*, 956 F.3d at 367.

When evaluating sufficiency-of-the-evidence claims, the habeas court "is not at liberty to reweigh the evidence or reassess the credibility of witnesses." *Smith*, 962 F.3d at 205 (citing *Brown v. Konteh*, 567 F.3d 191, 205 (6th Cir. 2009)). Habeas petitioners' "[a]ttacks on witness credibility are simply challenges to the quality of the government's evidence and not to the sufficiency of the evidence." *Id.* (quoting *Martin v. Mitchell*, 280 F.3d 594, 618 (6th Cir. 2002)). It is the job of the factfinder at trial, not a federal habeas court, to resolve evidentiary conflicts. *Cavazos v. Smith*, 565 U.S. 1, 7 (2011); *Martin*, 280 F.3d at 618; *see also Walker v. Engle*, 703 F.2d 959, 969-70 (6th Cir. 1983) ("A federal habeas corpus court faced with a record of historical facts that supports conflicting inferences must presume—even if it does not affirmatively appear in the record—that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution.").

Here, the state court of appeals explicitly addressed the element of identity, as required by *Jackson*. The court noted that "[i]dentity is an element of every offense, and the burden is on the prosecution to establish the identity of the accused in order to prove the defendant's guilt beyond a reasonable doubt." *Elder*,

9

2018 WL 5276164, at *4 (citing *People v. Yost*, 749 N.W.2d 753, 767 (Mich. Ct. App. 2008); *People v. Kern*, 149 N.W.2d 216, 218 (Mich. Ct. App. 1967)).

The appellate court reviewed the testimony of the key eye-witness, the decedent's long-time girlfriend, Chandra Young, against Elder's challenges to the reliability of her identification. *Id.* at *2. The state court found "ample direct and circumstantial evidence" supporting Elder's conviction. This included Young's testimony that she saw Elder shooting into the victim's car when she came out of her house, "the area outside the home was well-illuminated, "she had 'clear sight' to see the shooter, and her identification of Elder from a non-suggestive photographic array shortly after the shooting and at trial. *Id.* at *2, 4. The court acknowledged that two witnesses (Young and Patton, Jr.) "gave identifications of the shooter that may not have been consistent with [Elder]'s appearance, [but] these inconsistencies were for the jury to evaluate and consider."[2] *Id.* at *2.

The state court also reasoned that circumstantial evidence bolstered the eyewitness identification of Elder. *Id.* at *4. The jury heard evidence of a witness's observation of a vehicle matching Elder's on the street where the shooting occurred the evening of the shooting, that Elder's cellphone was near the shooting location at the time of the incident, and that the victim and Elder's wife

---

[2] For instance, at trial, witness S.P. acknowledged during cross-examination that he had previously described "the shooter [as] 'short' and 'fat' and looked to be 20 years old but Elder was born May 22, 1965." *Elder*, 2018 WL 5276164, at *2 n.3.

had a previous relationship. *Id.* When questioned by police, Elder admitted that he had the same cellular telephone and number for several years, that he had the phone with him on the day of the shooting, and that he drove past the house where his wife worked on the day of the shooting, which was across the street from the victim's house. *Id*.

The evidence reviewed by the state court of appeals was sufficient to identify Elder as the shooter and was not based on an unreasonable determination of the facts presented at trial. Thus, this Court cannot conclude that the state court's decision was "objectively unreasonable" in finding that "a rational trier of fact could reasonably conclude that [Elder] shot and killed Patton, Sr." *Id*. Young's testimony, alone, was sufficient to identify Elder, and neither the state court nor this Court may reweigh her credibility to find otherwise. Moreover, circumstantial evidence supported Young's identification of Elder. That circumstantial evidence, even without Young's identification, may have sufficed to support his convictions. *O'Hara v. Brigano*, 499 F.3d 492, 500 (6th Cir. 2007) (citations omitted) ("[A] jury's verdict may be based entirely on circumstantial evidence."). Finally, Elder has not provided any evidence, much less evidence to a clear and convincing standard, which would rebut the presumption of the correctness of the court's factual findings.

11

In his Reply to Respondent's Answer, Elder argues AEDPA deference should not apply to the state court's decision because the state court failed to address the first-degree murder element of premeditation, and because the state court did not analyze his claim under the due process clause or *Jackson v. Virginia*. (ECF No. 11 at Pg ID 1969-70.) Elder is incorrect. AEDPA deference applies to the state court's decision because the court fully addressed the only claim he raised on the merits.

First, Elder did not argue that there was insufficient evidence to support the premeditation element. Petitioner's entire argument in the memorandum of law supporting his petition is that insufficient evidence was admitted at trial to identify him as the shooter. Both that document and his brief on appeal at the state court of appeals focused on inconsistencies between his appearance and witnesses' descriptions of the shooter, reasons why witness Chandra Young's identification of him was problematic, and the general unreliability of eyewitness testimony. (ECF No. 1 at Pg ID 37-40; ECF No. 8-11 at Pg ID 1013-16.)

By focusing entirely on identity, Petitioner never argued that insufficient evidence supported the premeditation element, so the state court did not overlook an argument such that de novo review would be appropriate. *Johnson*, 568 U.S. at 302-03; *Wofford*, 969 F.3d at 697. Having closely reviewed Petitioner's brief on appeal in the state court of appeals, the Court agrees with that court's observation

12

that "[Elder did] not challenge the sufficiency of the evidence with respect to *any other specific element* of any of the crimes of which he was convicted." *Elder*, 2018 WL 5276164, at *4 (emphasis added). The omission of the premeditation element in the state court's analysis is a result of Elder's failure to raise the issue and not an inadvertent omission on the part of the state court.

Second, Elder's argument that the state court failed to refer to due process or *Jackson v. Virginia* does not warrant a departure from AEDPA deference. AEDPA does not "require citation of [Supreme Court] cases . . . so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early*, 537 U.S. at 8. The state court's analysis reflected *Jackson*'s standards that the evidence be assessed against the challenged element of the crime—identity—and that a rational trier of fact could find Elder's guilt beyond a reasonable doubt. Even though the state court never named the seminal case, its decision was not unreasonable nor was it contrary to *Jackson*.

For these reasons, Elder is not entitled to habeas relief.

**IV.    Certificate of appealability and In Forma Pauperis Status on Appeal**

Before Elder may appeal the Court's decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A federal district court must decide whether to issue a certificate of appealability when it issues a ruling on the habeas petition. *Castro v. United States*, 310 F.3d 900, 901

(6th Cir. 2002).  A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  To demonstrate such a denial, a petitioner must show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further.  *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *see also Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).

For the reasons stated in the analysis section, the Court is denying Elder a certificate of appealability because he has failed to make a substantial showing of the denial of a federal constitutional right.  Reasonable jurists would not find it debatable whether Elder's conviction was supported by sufficient evidence.  However, because an appeal could be made in good faith, the Court is granting Elder leave to appeal in forma pauperis.  28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3)(A).

Accordingly,

**IT IS ORDERED** that the Court **DENIES** and **DISMISSES WITH PREJUDICE** the petition for a writ of habeas corpus.

**IT IS FURTHER ORDERED** that the Court **DENIES** a certificate of

appealability, but **GRANTS** leave to proceed in forma pauperis on appeal.

s/ Linda V. Parker<br>
LINDA V. PARKER<br>
U.S. DISTRICT JUDGE

Dated: June 21, 2023

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, June 21, 2023, by electronic and/or U.S. First Class mail.

s/Aaron Flanigan<br>
Case Manager