UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ERIC GERARD ELDER,

    Petitioner,

v.

                                Case No. 20-cv-11681
                                Honorable Linda V. Parker

GREGORY SKIPPER,

    Respondent.
_____/

## OPINION AND ORDER DISMISSING SECOND/AMENDED PETITION WITHOUT PREJUDICE (ECF No. 16) AND DENYING WITHOUT PREJUDICE PETITIONER'S MOTIONS TO APPOINT COUNSEL AND FOR EVIDENTIARY HEARING (ECF Nos. 17, 18)

….

This matter is before the Court on Petitioner's motion to appoint counsel (ECF No. 17) and motion for evidentiary hearing (ECF No. 18.) Petitioner has also filed a document entitled "Actual Innocence" which the Court construes as a second or amended petition for habeas review. (ECF No. 16.) This case was closed by a Judgment and Opinion and Order issued on June 21, 2023, which denied Elder's original habeas petition on the merits. (ECF Nos. 14, 15.) As this case has been closed for years and is no longer pending before this Court, the motions are **DENIED WITHOUT PREJUDICE** and the second or amended petition is **DISMISSED WITHOUT PREJUDICE**. This case remains closed.

No further pleadings should be filed in this matter. Additional pleadings may be stricken.

If he wishes to proceed with his new claims, Elder should file his petition as a new case. However, state prisoners generally are entitled to only one opportunity to seek federal habeas relief from their convictions; they usually may not file a second or successive habeas corpus application. *Banister v. Davis*, 140 S. Ct. 1698, 1702 (2020) (citing 28 U.S.C. § 2244(b)). A petition normally is "second or successive" if it is another attempt to invalidate the state judgment authorizing the petitioner's confinement. *In re Caldwell*, 917 F.3d 891, 893 (6th Cir. 2019). A petition is not second or successive when "ripeness prevented, or would have prevented, a court from adjudicating the claim in an earlier petition" or when "a federal court dismissed an earlier petition because it contained exhausted and unexhausted claims and in doing so never passed on the merits." *In re Coley*, 871 F.3d 455, 457 (6th Cir. 2017).

Elder's current petition is another attempt to invalidate the same state-court judgment that was the subject of his first habeas corpus petition, which this Court denied on the merits. (ECF No. 14.) He continues to be confined on that state-court judgment, and his current claims were ripe for review in 2020 when he filed his first petition. Thus, the current petition is a second or successive petition.

A habeas petitioner who wants to file a second or successive habeas petition must first ask the appropriate court of appeals for an order authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3)(A). Elder has not obtained permission from the Court of Appeals to file another habeas corpus petition, and federal district courts lack jurisdiction to consider a second or successive habeas petition without prior authorization from the appropriate court of appeals. *Burton v. Stewart*, 549 U.S. 147, 149, 152 (2007); *Franklin v. Jenkins*, 839 F.3d 465, 475 (6th Cir. 2016); *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997). Before filing his second petition, Elder should obtained the appellate authorization as required by 28 U.S.C. § 2244(b)(3)(A).

**IT IS ORDERED** that the second or amended petition (ECF No. 16) is **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that Petitioner's motion for appointment of counsel (ECF No. 17) and motion for evidentiary hearing (ECF No. 18) are **DENIED WITHOUT PREJUDICE**. Petitioner will be able to re-file these motions in his new case should the Sixth Circuit issue an order authorizing this Court to consider the habeas petition.

Dated: August 13, 2025                s/LINDA V. PARKER
                                      UNITED STATES DISTRICT JUDGE